IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

LISA A.,[1]

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Civ. No. 1:18-cv-00309-CL

**OPINION AND ORDER**

MARK D. CLARKE, Magistrate Judge.

Plaintiff Lisa A. ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administrations denying her applications for disability insurance benefits and supplemental security income under Titles II and XVI of the Social

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party or parties in this case.

Page 1 of 17 – OPINION AND ORDER

Security Act. For the reasons below, the Commissioner's decision should be REVERSED and REMANDED for immediate payment of benefits.[2]

## BACKGROUND

Plaintiff was born in 1956. Tr. 45, 94. She has a high school education. Tr. 94. Plaintiff has several diagnosed physical and mental impairments. Her physical impairments include the following: joint degeneration in the right shoulder, with reduced range of motion, for which Plaintiff underwent rotator cuff surgery, Tr. 561, 712, 731; lumbar degenerative disc disease and arthritis, with herniated gait discs, sciatica, and radiation of pain bilaterally to the lower extremities, Tr. 546, 553, 559, 722-23; bilateral hip bursitis, with accompanying back pain and reduced range of motion, Tr. 325-27, 373-76, 500, 540, 553-54; gastroesophageal reflux disease with Barrett's esophagus and irritable bowel syndrome, Tr. 327; chronic muscular strain superimposed on degenerative instability with osteoporosis, Tr. 327; and tinnitus, Tr. 327. Plaintiff also suffers from the following mental health impairments: anxiety with panic disorder, Tr. 325, 360, 434, 564; depression, with loss of interest in activities, sleep disturbance, decreased energy, and difficulty concentrating or thinking, Tr. 359-60, 502, 564; and alcohol use disorder, Tr. 360, 366. The record shows that Plaintiff's mental impairments worsened after the death of her son in 2012. Tr. 502, 362-71. Her anxiety and depression increased, as did her drinking. Tr. 502, 362-71. Plaintiff went into alcohol recovery treatment, which she successfully completed, Tr. 567, and the record shows that her other mental impairments improved as a result, Tr. 65.

On June 28, 2013, Plaintiff protectively filed applications for DIB and SSI, alleging disability beginning June 1, 2011, with a date last insured (DLI) of December 31, 2015, for DIB

---

[2] The parties have consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c)(1).

Page 2 of 17 – OPINION AND ORDER

purposes. Tr. 18. The applications were denied initially and upon reconsideration, and a hearing was requested. Tr. 18. On August 18, 2016, a hearing was held before Administrative Law Judge (ALJ) Robert Frank Spaulding presiding from Portland, Oregon, with Plaintiff appearing from Medford. Tr. 40-78. The ALJ found Plaintiff not disabled. Tr. 29. Plaintiff filed a request for review by the Appeals Council, which was denied. Tr. 1-3. The ALJ's ruling thus became the final decision of the Commissioner, and Plaintiff now seeks review of that decision.

## DISABILITY ANALYSIS

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r. Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity"? 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510; 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). Unless expected to result in death, an impairment is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a); 416.921(a). This impairment must have lasted or must be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509; 416.909. If the claimant does not have a severe

impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis proceeds to the "residual functional capacity" ("RFC") assessment.

   a. The ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's RFC. This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e); 404.1545(b)-(c); 416.920(e); 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v); 404.1560(c); 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

See also *Bustamante v. Massanari*, 262 F.3d 949, 954-55 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 954. The Commissioner bears the burden of proof at step five. *Id.* at 953-54. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir.

1999) (internal citations omitted); *see also* 20 C.F.R. §§ 404.1566; 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 954-55; *Tackett*, 180 F.3d at 1099.

## THE ALJ'S FINDINGS

Applying the five-step analysis, the ALJ made the following findings:

1. Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2015, and has not engaged in substantial gainful activity since the alleged onset date of June 1, 2011. Tr. 20.

2. Plaintiff has the following severe impairments: degenerative disc disease, obesity, post right-shoulder rotator cuff repair, bursitis of the right shoulder, pyriform syndrome, and bilateral hip bursitis. Tr. 20.

3. Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 23.

    a. Plaintiff has the RFC to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except Plaintiff is limited to frequent reaching overhead with the dominant right arm; climbing ramps or stairs; and stooping, kneeling, or crouching. She may also occasionally climb ladders or scaffolds. Tr. 24.

4. Plaintiff is able to perform past relevant work as an environmental health officer and medical records clerk. Tr. 29.

Consequently, the ALJ concluded Plaintiff was not disabled as defined by the Social Security Act. Tr. 29.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on the proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *see*

*also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "'Substantial evidence' means 'more than a mere scintilla but less than a preponderance,' or more clearly stated, 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). In reviewing the Commissioner's alleged errors, this Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is rational. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

Where the evidence before the ALJ is subject to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Batson*, 359 F.3d at 1198 (citing *Andrews*, 53 F.3d at 1041). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock*, 879 F.2d at 501). Additionally, a reviewing court "cannot affirm the [Commissioner's] decision on a ground that the [Administration] did not invoke in making its decision." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (citations omitted). Finally, a court may not reverse an ALJ's decision on account of an error that is harmless. *Id.* at 1055-56. "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

Even where findings are supported by substantial evidence, "the decision should be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." *Flake v. Gardner*, 399 F.2d 532, 540 (9th Cir. 1968). Under sentence four of 42

U.S.C. § 405(g), the reviewing court has the power to enter, upon the pleadings and transcript record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the case for a rehearing.

## DISCUSSION

Plaintiff argues that the ALJ erred in the following ways: (1) failing to conduct a proper analysis at step two; (2) failing to properly analyze Plaintiff's Department of Veterans Affairs (VA) disability rating; and (3) improperly evaluating the medical opinion evidence. This Court finds that the ALJ erred in the latter two ways.

### I. The ALJ did not err in finding Plaintiff's mental impairments nonsevere.

Because Plaintiff made claims for mental impairments, the ALJ was required to apply the "psychiatric review technique" ("PRT"). 20 C.F.R. §§ 404.1520a; 416.920a. Pursuant to the PRT, the ALJ must determine whether plaintiff had a medically determinable mental impairment and rate the degree of functional limitation for four functional areas. *Id.* If the impairment is deemed "severe," the ALJ proceeds to step three of the disability analysis to determine if the impairment meets or equals a specific listed mental disorder. *Id.* at (b) & (c).

The ALJ's written decision must incorporate the pertinent findings and conclusions as well as a specific finding as to the degree of limitation in each of the four functional areas: (1) activities of daily living; (2) social functioning; (3) concentration persistence, or pace; and (4) episodes of decompensation. *Keyser*, 648 F.3d at 725; 20 C.F.R. §§ 404.1520a(e)(4), 416.920a(e)(4). So long as the ALJ rates and assesses the claimant's limitations in each of the four primary functional areas and provides the supportive information required under 20 CFR § 404.1520a(e)(4), the ALJ need not make specific findings as to each alleged impairment or

medical condition identified by the claimant. *Hoopai v. Astrue*, 499 F.3d 1071, 1077-78; *see also Nicholson v. Colvin*, 106 F.Supp.3d 1190, 1194-95 (D. Or. 2015).

The step two inquiry is a *de minimis* screening device used to dispose of groundless claims. *Bowen v. Yuckert*, 482 U.S. 147, 153-54 (1987). The claimant bears the burden of establishing that she has a severe impairment at step two by providing medical evidence. 20 C.F.R. §§ 404.1512, 416.912. An impairment or combination of impairments is "not severe *only if* the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (emphasis in original) (citing *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996)). The ALJ is required to consider the combined effect of all of the claimant's impairments on his or her ability to function. *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003). Thus, if the ALJ determines that a claimant has a severe impairment at step two, the sequential analysis proceeds and the ALJ must continue to consider all of the claimant's limitations, severe or not. SSR 96-9p, 1996 WL 374184 (July 2, 1996). Where an ALJ fails to identify a severe impairment at step two, but nonetheless considers at subsequent steps all of the claimant's impairments, including the erroneously omitted severe impairment, the error at step two is harmless. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).

Here, the ALJ's finding at step two that Plaintiff's mental impairments were nonsevere was supported by substantial evidence. The ALJ properly discussed Plaintiff's limitations in each of the four functional areas, and the record supports his conclusions regarding Plaintiff's limitations. Thus, the ALJ correctly applied the PRT to determine that Plaintiff's mental impairments were nonsevere.

The record supports the ALJ's finding of mild limitation for activities of daily living. First, Plaintiff does not experience significant mental impediments to her personal care; Plaintiff is able to feed, dress, and bathe herself without assistance. Tr. 245. Second, Plaintiff's mental impairments do not prevent her from taking care of her home and her pets. Tr. 244, 246. Finally, Plaintiff is not precluded by her mental impairments from enjoying activities such as watching television and spending time with her grandson. Tr. 247, 360. Therefore, the record supports the ALJ's finding of mild limitation in the first functional area.

The record supports the ALJ's finding of mild limitation for social functioning as well. Though the record indicates that Plaintiff prefers not to interact with other people, her mental impairments do not prevent her from residing with her husband or interacting with other family members. Tr. 359-60. Furthermore, the record indicates that Plaintiff gets along well with authority figures and can follow spoken instructions. Tr. 248. Therefore, substantial evidence supports the ALJ's finding of mild limitation with regard to the second functional area.

The ALJ's finding of mild limitation with regard to concentration, persistence, or pace is likewise supported by the record. The ALJ properly considered Plaintiff's subjective testimony regarding her inability to adapt to changes and cope with stress. Tr. 21. The ALJ noted that the records taken by Plaintiff's treating physicians do not support Plaintiff's claims of significant problems with attention, concentration, and short-term memory. Tr. 21. The medical evidence supports the ALJ's finding. Plaintiff's treating physicians consistently reported normal cognitive function, normal mood, and appropriate affect. Tr. 503, 625, 678, 691, 764, 792. Therefore, the ALJ's finding that Plaintiff's concentration, persistence, and pace are only mildly limited is supported by substantial evidence.

The fourth and final functional area is episodes of decompensation. The ALJ concluded that Plaintiff had experienced no episodes of decompensation of extended duration. Tr. 21. The record supports the ALJ's conclusion.

Because the ALJ properly discussed Plaintiff's limitations with regard to all four functional areas and supported his conclusions, the ALJ did not err in finding Plaintiff's mental impairments nonsevere at step two. Moreover, due to her severe physical impairments, Plaintiff passed beyond step two in the sequential analysis, and the ALJ properly considered all of Plaintiff's limitations in the subsequent steps. In determining Plaintiff's RFC at step three, the ALJ discussed all of Plaintiff's impairments, including her mental impairments. Tr. 25. Therefore, the ALJ properly considered Plaintiff's mental impairments and did not make a harmful error at step two.

## II. The ALJ erred in failing to properly weigh Plaintiff's VA disability rating.

When a plaintiff has been given a disability rating by the Department of Veterans' Affairs (VA), the ALJ must consider the VA's findings "because of the similarities between the VA disability program and the Social Security disability program." *Hiler v. Astrue*, 687 F.3d 1208, 1211 (9th Cir. 2011). While a VA determination of disability is ordinarily entitled to "great weight," the ALJ may give less weight to a VA disability rating if he gives "persuasive, specific, [and] valid reasons for doing so that are supported by the record." *See McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002).

On April 18, 2011, the VA determined that Plaintiff had been 90 percent disabled since February 1, 2009, due to a hysterectomy scar; dysthymia with panic disorder; tinnitus; irritable bowel syndrome; bulging disc; and pain in the back, hips, knees, and elbows. Tr. 323-27. The ALJ gave two reasons for departing from the VA's disability rating: (1) Plaintiff had maintained

an active daily routine, and (2) Plaintiff's impairments improved through physical exercise and therapy. Tr. 28. Based on the foregoing, the ALJ found that the VA rating warranted little weight. Tr. 28.

This Court finds neither reason legally sufficient. First, the ALJ's finding that Plaintiff maintained an active daily routine is unconvincing. For support, the ALJ cited to evidence in the medical record that shows Plaintiff engaging in strenuous activities, including bowling and fishing. Tr. 28. However, examination of the cited portion of the record shows that Plaintiff reported that she was unable to bowl more than one game because of "severe" pain in her right shoulder. Tr. 615. Furthermore, Plaintiff's fishing voyage likewise exacerbated her shoulder pain. Tr. 618. Plaintiff's attempts to engage in recreation, especially when the attempts are painful and unsuccessful, are not evidence that she has maintained an active daily routine. Therefore, the ALJ's finding that Plaintiff maintained an active daily routine is not supported by the record.

Second, the ALJ's finding that Plaintiff's physical impairments have improved significantly is likewise insufficient. The ALJ noted in his decision that the medical record demonstrates that Plaintiff's "conditions" have "significantly improved through exercise and physical therapy." Tr. 26-28. Indeed, Plaintiff's physical therapy records from December 2014 through November 2015 show reduced pain, increased range of motion, and improved function of the right shoulder. Tr. 737-750. However, the cited portion of the record shows improvement only to Plaintiff's right shoulder, not her other impairments. In fact, the physical therapy records indicate that Plaintiff's hip and back pain remained constant throughout the course of physical therapy. Tr. 740, 741, 743, 744, 748.

Elsewhere in the record, clinical findings similarly demonstrate a lack of improvement to Plaintiff's hip and back. Orthopedic records from September 28, 2015, state that Plaintiff's back pain was "constant and fluctuat[ing] in intensity" and that standing and walking were "exacerbating factors" Tr. 722. Furthermore, in records dating to June 25, 2015, both hips were described as "[t]ender to palpation," and, on Plaintiff's right hip, the FABER maneuver elicited a "snap in the groin region." Tr. 728. Because the ALJ failed to address the lack of improvement to Plaintiff's hips and back, instead focusing exclusively on Plaintiff's shoulder, the ALJ's second reason is not supported by the record. Therefore, the ALJ erred in failing to provide sufficient reasons for discrediting Plaintiff's VA rating.

### III. The ALJ erred in failing to properly weigh the opinion of Jon McKellan, M.D., a treating physician; Dr. McKellan's opinion should be credited as true.

The ALJ must consider all medical opinion evidence. 20 C.F.R. § 404.1527(b). The opinion of a treating physician is given "controlling weight" if it is "well-supported by medically acceptable clinical laboratory techniques and is not inconsistent with the other substantial evidence in the record." 20 C.F.R. § 404.1527(c)(2). Generally, the opinion of a treating physician is entitled to more weight than that of a physician who did not treat the patient. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). However, the ALJ need not accept the opinion of a treating physician if the opinion is "brief, conclusory, and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009).

If a treating physician's opinion is uncontradicted, the ALJ must state clear and convincing reasons, supported by substantial evidence, for rejecting it. *Lester*, 81 F.3d at 830–31. If the treating physician's opinion is in dispute, the ALJ must provide "specific and legitimate reasons that are supported by substantial evidence" for rejecting it. *Id.* Objective clinical tests can constitute "substantial evidence" to support the opinion of a nontreating physician over that of a

treating physician. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). However, the opinion of a nontreating, nonexamining physician does not "by itself constitute substantial evidence that justifies the rejection of the opinion of an examining or treating physician." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) (citations omitted). When the ALJ fails to provide adequate reasons for rejecting a treating physician's opinion, that opinion is credited as true as a matter of law. *Lester*, 81 F.3d at 834 (citing *Hammock v. Bowen*, 879 F.2d 498 (9th Cir. 1989).

Dr. Jon McKellan was Plaintiff's treating physician for over one year. Tr. 473-75, 504, 564-66. In September 2013, Dr. McKellan assessed Plaintiff's impairments with regard to her ability to maintain substantial employment and identified severe limitations of Plaintiff's ability to work. Tr. 473-75. Dr. McKellan opined that Plaintiff could neither sit nor stand for longer than two hours continuously; required the ability to sit or stand at will; could lift 10 pounds at most, and only rarely; could not twist, stoop, or crouch; and was significantly limited in her ability to reach, handle, and finger. Tr. 473-75. Thus, Dr. McKellan believed Plaintiff would require an assistive device for occasional walking and standing. Tr. 473-75. Furthermore, in Dr. McKellan's opinion, Plaintiff's concentration would be constantly interrupted throughout the workday, and she was incapable of even "low stress" employment. Tr. 473-75. Ultimately, Dr. McKellan estimated that Plaintiff was likely to require at least four absences per month. Tr. 473-75. Later, in June 2014, Dr. McKellan conducted another assessment of Plaintiff's limitations and came to the same conclusions. Tr. 564-66.

The ALJ gave "little weight" to Dr. McKellan's opinion because he found that "the medical record does not support [it]." Tr. 27. The ALJ gave three reasons for his finding. Tr. 27. First, Plaintiff's orthopedist found Plaintiff's lumbar spine MRI scans "normal for her age". Tr.

27. Second, several in-office examination reports showed "mostly normal abilities to function" with no "debilitating pain." Tr. 27. Finally, Plaintiff's physical therapy history "describe[s] well-controlled pain and increased range of motion." Tr. 27. This Court finds that the ALJ's reasons are not supported by substantial evidence.

First, the ALJ noted that Dr. Jason Conaughty, an orthopedist, considered Plaintiff's lumbar spine MRI "essentially normal for her age." Tr. 723. However, in the same examination, Dr. Conaughty noted that Plaintiff's lumbar spine range of motion was limited, and her deep tendon reflexes were "muted in both extremities." Tr. 723. Moreover, the radiologist who performed the MRI noted a "[m]ild broad-based disc bulge at L3-4." Tr. 705. Therefore, the ALJ's first reason for discounting Dr. McKellan's opinion about Plaintiff's lumbar spine limitations is not supported by substantial evidence.

Second, the ALJ found that the record included a history of examinations describing "normal function" without "debilitating pain." Tr. 27. For support, the ALJ cited to three exhibits. Tr. 27. While these exhibits report some normal functionality—especially in relation to Plaintiff's gait and right shoulder—they also report "constant" and "fluctuating" back pain, "chronic" hip pain, weakness in the lower extremities, and difficulty walking and climbing. Tr. 722, 729, 725, 726, 743. Furthermore, elsewhere in the record, Plaintiff's back pain is reported as "constant," "severe," and up to a 7 on the 10-point scale. Tr. 551, 662, 624. Therefore, the ALJ's second reason is insufficiently supported as well.

Finally, the ALJ noted that Plaintiff's physical therapy records "describe well-controlled pain symptoms and ranges of motion." Tr. 27. As discussed above, the physical therapy records from 2015 do show significant improvement in the pain and functionality of Plaintiff's right shoulder. Tr. 737-754. However, the records do not demonstrate any considerable improvement

in Plaintiff's other physical impairments. Tr. 737-754. Rather, the physical therapy notes to which the ALJ cited describe ongoing pain and tightness in the hips and back, as well as difficulty sleeping, walking, and climbing. Tr. 741, 748. Thus, the ALJ's third and final reason is not supported by substantial evidence.

The opinion of Dr. McKellan is supported by medically acceptable clinical findings and is consistent with substantial evidence in the record. Therefore, controlling weight should have been given to his opinion. The ALJ did not provide legally sufficient reasons for discrediting his opinion. The opinion should be credited as true.

## REMAND

A district court may "revers[e] the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing," *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) (citing 42 U.S.C. § 405(g)), but "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation," *id.* (quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744, 105 S.Ct. 1598, 84 L.Ed.2d 643 (1985)). Ninth Circuit case law precludes a district court from remanding a case for an award of benefits unless certain prerequisites are met. *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir.2014) (discussing *Garrison v. Colvin*, 759 F.3d 995 (9th Cir.2014)). The district court must first determine that the ALJ made a legal error, such as failing to provide legally sufficient reasons for rejecting evidence. *Id.* If the court finds such an error, it must next review the record as a whole and determine whether it is fully developed, is free from conflicts and ambiguities, and "all essential factual issues have been resolved." *Treichler*, 775 F.3d at 1101. In conducting this review, the district court must consider whether there are "inconsistencies between [the claimant's] testimony and the medical evidence in the record," *id.* at 1105, or whether the

government has pointed to evidence in the record "that the ALJ overlooked" and explained "how that evidence casts into serious doubt" the claimant's claim to be disabled, *Burrell*, 775 F.3d at 1141. Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits. *Id.; Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015), *as amended* (Feb. 5, 2016).

On this record, this Court believes no useful purpose would be served by remanding the case for further proceedings. This Court is properly convinced that the ALJ failed to provide sufficient reasons for rejecting Dr. McKellan's opinion of Plaintiff's limitations. As discussed above, Dr. McKellan opined that Plaintiff would be forced to miss at least four days of work per month. Furthermore, during the hearing, the vocational expert testified that an individual who missed two or more days per month on a regular basis could not maintain competitive employment. Tr. 77. Therefore, when credited as true, Dr. McKellan's opinion establishes that Plaintiff was disabled. Considering Plaintiff's VA rating of 90% disability and the testimony of the vocational expert, the ALJ's failure to properly credit Dr. McKellan's opinion is a reversible error. Moreover, the record is fully developed, and no meaningful purpose would be served by remanding for additional proceedings.

A claimant who is unable to perform past relevant work as well as any other work that exists in significant numbers in the national economy, after taking into account the claimant's RFC and age, education, and work experience, is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv); 404.1520(a)(4)(v); 416.920(a)(4)(v); 404.1560(c); 416.960(c). Plaintiff meets these criteria, is therefore disabled, and remanding this case for further administrative proceedings would serve no useful purpose; "rather, it would merely delay the award of benefits." *Dominguez*,

808 F.3d at 407. Therefore, the Commissioner's decision is reversed and remanded for the payment of benefits.

## ORDER

Based on the foregoing, and pursuant to sentence four of 42 U.S.C. § 405(g), the decision of the Commissioner is REVERSED and the matter is REMANDED for payment of benefits.

IT IS SO ORDERED.

DATED this 30 day of July 2019.

MARK D. CLARKE
United States Magistrate Judge